IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LIVING CARE ALTERNATIVES
OF KIRKERSVILLE, INC.,
        Plaintiff,

v.

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,
        Defendant.

Case No. 2:04-CV-293
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

**OPINION AND ORDER**

This matter is before the Court for consideration of the United States of America's Motion for Summary Affirmance of the Administrative Decision of the Internal Revenue Service. (Doc. #10). For the reasons that follow, the motion is granted.

**I.**

Plaintiff, Living Care Alternatives of Kirkersville, Inc. ["Plaintiff"], brings this action pursuant to 26 U.S.C. § 6330(d), seeking judicial review of an Internal Revenue Service administrative decision made following a collection due process hearing. Plaintiff, a long-term care nursing facility operating in Licking County, Ohio, challenges federal tax liens placed on Plaintiff's property by the Defendant Internal Revenue Service ["IRS"]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

As a provider of long-term nursing care, Plaintiff's primary source of funding derives from Medicaid payments. (*Complaint* at ¶ 4). Plaintiff states that because Medicaid payments

are made in arrears, the rate "does not reimburse for payment for prior year's obligations and does not recognize allowance of a profit." (*Id.* at ¶¶ 13-14). This payment system has allegedly contributed to Plaintiff's failure to pay or to timely pay federal withholding taxes for its employees during various tax periods. As a result, the IRS has placed liens on Plaintiff's property. Plaintiff has challenged the actions of the IRS and collection due process hearings have been held at the administrative level. Plaintiff has filed appeals from the decisions rendered by the IRS Appeals Officer as to the various liens. The instant action involves the third such appeal by Plaintiff in this court[1].

At issue in this case is the IRS decision with respect to Plaintiff's failure to pay federal withholding employment taxes for quarterly periods beginning March 31, 2000, June 30, 2000, September 30, 2000, December 31, 2000, and March 31, 2001. Also at issue is the IRS decision with respect to Plaintiff's failure to pay unemployment insurance taxes for the period ending December 31, 2000. Plaintiff alleges that the Appeals Officer "erred in concluding that the lien is no more intrusive than necessary" and that the lien will provide "the most efficient method of tax collection." (*Complaint* at ¶¶ 19-20). According to Plaintiff, the IRS liens are "overbearing and intrusive [and are] designed to shut down the business . . . ." (*Id.* at ¶ 27).

With respect to balancing the need for efficient collection of taxes and the taxpayer's concern that the collection action be no more intrusive than necessary, the Appeals Officer

---

[1] *See Living Care Alternatives of Utica, Inc. v. United States of America, Internal Revenue Service*, 2:02-CV-717 (Judge Sargus) and *Living Care Alternatives of Utica, Inc. v. United States of America, Internal Revenue Service*, 2:03-CV-359 (Judge Frost). The decisions reached in these cases were consolidated on appeal. On June 2, 2005, the decisions of this court were affirmed by the Sixth Circuit, *Living Care Alternatives of Utica, Inc. v. United States of America, Internal Revenue Service*, 411 F.3d 621 (6th Cir. 2005).

stated:

> [A]ny concern the taxpayer may have about the intrusiveness of the notice of lien does not overcome the need for the efficient collection of the taxes. The refusal of the taxpayer's bank to extend additional loans or refinancing based on the presence of a notice of lien is a matter to be resolved between the taxpayer and it's [*sic*] bank. There are other notices of lien filed with regard to unpaid tax liabilities other than the CDP [collection due process] periods. Therefore, even if the notice of lien at issue in this case was withdrawn, other notices of lien would still exist. Removal of all notices of lien would place the government in a precarious situation with respect to competing creditors and would place collection of any of the unpaid taxes in peril. Finally, Mr. Rosser [Plaintiff's corporate representative] did not offer an alternatives [*sic*] to the notice of lien that would provide for the efficient collection of the taxes and also be less intrusive on the taxpayer.

(Exhibit 1 at 6, attached to *Complaint*).

With this background in mind, the Court proceeds to consider the Motion of the United States for Summary Affirmance of the IRS decision.

## II.

The standard of review applicable in this case has been resolved by the Sixth Circuit's opinion in *Living Care Alternatives of Utica, Inc. v. United States of America, Internal Revenue Service*, 411 F.3d 621 (6th Cir. 2005). There, the court of appeals affirmed two decisions of this court applying an abuse of discretion standard to appeals of collection due process hearings under 26 U.S.C. § 6330(d), where the underlying tax liability is not challenged[2].

---

[2]In contrast, *de novo* review applies when the underlying tax liability itself is challenged. In this regard, the Sixth Circuit held that a challenge to tax liability "requires more than . . . [p]assionately arguing that it is bad public policy to tax a nursing home that was trying in good faith to comply with a comprehensive regulatory scheme. . . ." 411 F.3d at 627. In addition, the court held that a request that the district court "remove" tax liability "seems to be admitting [the liability] was valid and then requesting that payment be excused" and thus, does not amount to a challenge to underlying liability. *Id.*

3

As the Sixth Circuit observed, the relevant provision of the IRS Code requires that the Appeals Officer decide "'whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the [taxpayer] that any collection action is no more intrusive than necessary.'" *Id.* at 627, quoting 26 U.S.C. § 6330(c)(3)(C). In applying this standard, the Sixth Circuit considered three arguments raised by Plaintiff as to alleged abuse of discretion on the part of the Appeals Officers. The court ultimately found no abuse of discretion at the administrative level.

In the case at bar, Plaintiff first argues that *de novo* review applies because Plaintiff challenges the underlying tax liability. In the alternative, Plaintiff argues that the Appeals Officer's decision was an abuse of discretion because the impact of senior liens and the value of Plaintiff's property were allegedly ignored in the balancing analysis[3]. In response, the Defendant argues that *de novo* review is not appropriate and that the decision of the Appeals Officer should be affirmed under an abuse of discretion standard. Defendant further argues that the doctrine of collateral estoppel precludes Plaintiff from pursuing the instant claims.

### III.

The Court will consider the issue of collateral estoppel first. The doctrine of collateral

---

[3]Plaintiff also argues that the Defendant's failure to file an Answer in this case renders its Motion for Summary Affirmance "procedurally inappropriate." (Memorandum *contra* at 2). The Court disagrees. In the Plaintiff's previous case before the undersigned, the Court noted that Motions for Summary Judgment make little sense in the context of reviewing an administrative decision. Rather, a motion seeking either reversal or affirmance of the administrative decision is the proper procedure to invoke. Defendant in this case styled its motion as one for "Summary Affirmance" of the IRS decision. Since the Defendant did not file an Answer, the Court treats the motion as similar to one made pursuant to Fed. R. Civ. P. 12(b).

4

estoppel applies when:

> (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation, (2) the issue was actually litigated and decided in the prior action, (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation, (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and (5) the party to be estopped had a full and fair opportunity to litigate the issue.

*Verizon North, Inc. v. Strand*, 367 F.3d 577, 583 (6th Cir. 2004), quoting *Hammer v. INS*, 195 F.3d 836, 840 (6th Cir. 1999).

The Defendant argues that, in the context of tax law, collateral estoppel precludes the relitigation of matters that are identical to earlier litigated matters but for a differing tax year. The Defendant relies on *Commissioner v. Sunnen*, 333 U.S. 591 (1948), in which the Supreme Court stated:

> [I]f a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year. But if the later proceeding is concerned with a similar or unlike claim relating to a different tax year, the prior judgment acts as a collateral estoppel only as to those matters in the second proceeding which were actually presented and determined in the first suit. Collateral estoppel operates, in other words, to relieve the government and the taxpayer of 'redundant litigation of the identical question of the statute's application to the taxpayer's status.' But collateral estoppel is a doctrine capable of being applied so as to avoid an undue disparity in the impact of income tax liability. A taxpayer may secure a judicial determination of a particular tax matter, a matter which may recur without substantial variation for some years thereafter. But a subsequent modification of the significant facts or a change or development in the controlling legal principles may make that determination obsolete or erroneous, at least for future purposes. If such a determination is then perpetuated each succeeding year as to the taxpayer involved in the original litigation, he is accorded a tax treatment different from that given to other taxpayers of the same class. As a result, there are inequalities in the administration of the revenue laws, discriminatory distinctions in tax liability, and a fertile basis for litigious confusion. Such consequences, however, are neither necessitated nor justified by the principle of collateral estoppel. That principle is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static,

> factually and legally. It is not meant to create vested rights in decisions that have become obsolete or erroneous with time, thereby causing inequities among taxpayers.
>
> And so where two cases involve income taxes in different taxable years, collateral estoppel must be used with its limitations carefully in mind so as to avoid injustice. It must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged. If the legal matters determined in the earlier case differ from those raised in the second case, collateral estoppel has no bearing on the situation. And where the situation is vitally altered between the time of the first judgment and the second, the prior determination is not conclusive.

*Id.* at 597-600 (internal citations omitted).

According to the Defendant, collateral estoppel applies to Plaintiff's present claims because the arguments and the factual scenario are the same as in the earlier cases before this Court, except for the differing tax years involved. Plaintiff opposes application of the doctrine on the basis that the prior cases involved Living Care Alternatives of Utica, Inc., not Living Care Alternatives of Kirkersville, Inc. In response, Defendant states that there is privity between the entities as both share the same corporate shareholder and principal officer, Mr. Thomas J. Rosser.

A review of the record in this case reveals that, with the exception of the tax years, the same issues raised herein were raised and addressed in the earlier actions before this Court. In addition, since Plaintiff shares the same corporate shareholder and principal officer as Plaintiff Living Care of Utica, Inc., privity is established. As s result, the Court finds that the doctrine of collateral estoppel serves to preclude Plaintiff in this case from relitigating the issues raised in this action for a third time.

In any event, even absent the doctrine of collateral estoppel, the Court finds that the

6

Appeals Officer's decision to uphold the IRS collection action was not an abuse of discretion[4]. As in the earlier suits before this Court, Plaintiff argues that the Appeals Officer abused his discretion by allegedly ignoring the effect the tax lien will have on Plaintiff's business. The Appeals Officer found that the Plaintiff's concern as to intrusiveness of the lien did not overcome the need for the efficient collection of taxes. As the Appeals Officer observed, removal of the lien would "place the government in a precarious situation with respect to competing creditors and would place collection of any of the unpaid taxes in peril." (Exhibit 1 at 6 attached to *Complaint*). Furthermore, the Appeals Officer found that no less intrusive method was offered by Plaintiff that would also provide for the efficient collection of taxes. Nothing in the record supports Plaintiff's argument that this decision was made without rational explanation or was founded on some impermissible basis. Thus, Plaintiff's appeal to this Court is without merit.

### IV.

In light of the foregoing, the Motion of the United States for Summary Affirmance of the Decision of the IRS (**Doc. #10**) is **GRANTED**. The Clerk is **DIRECTED** to enter Judgment in favor of the Defendant and close this case.

**IT IS SO ORDERED.**

8-29-2005
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

---

[4] The Court rejects Plaintiff's argument that *de novo* review applies. The arguments raised by Plaintiff do not go to the validity of the underlying tax liability. As the record reveals, Plaintiff does not dispute its nonpayment of taxes.